UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA MACIAS,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No.  2:23-cv-1983-SCR<br><br><u>AMENDED ORDER</u> |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1] The parties agree that the ALJ erred in the administrative proceedings below, but disagree on the remedy.  For the reasons that follow, the Court will GRANT IN PART both cross-motions for summary judgment, and remand for further proceedings.

---

[1]  DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); *Bowen v. City of New York*, 476 U.S. 467, 470 (1986).  SSI is paid to financially needy disabled persons.  42 U.S.C. § 1382(a); *Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler*, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I. PROCEDURAL BACKGROUND

Plaintiff protectively applied for DIB on July 17, 2019 and for SSI on July 22, 2019. Administrative Record ("AR") 15.[2] The disability onset date for both applications was alleged to be July 11, 2018. AR 15. The applications were disapproved initially on September 9, 2019 and on reconsideration on December 17, 2019. AR 15. On October 16, 2020, ALJ Vincent Misenti presided over the first telephonic hearing on Plaintiff's challenge to the disapprovals. AR 30-57 (transcript). Plaintiff appeared with counsel and testified at the hearing with the assistance of a Spanish interpreter. AR 15, 31, 34-35. A vocational expert ("VE") also testified. AR 15, 31, 50.

On November 4, 2020, the ALJ issued an unfavorable decision, finding Plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 15-24 (decision), 24-29 (exhibit list). The Appeals Council denied Plaintiff's request for review.

On June 28, 2021, Plaintiff challenged the denial in *Macias v. Commissioner of Social Security*, Case No. 2:21-cv-1136-JDP. On February 17, 2022, pursuant to the parties' stipulation, the matter was remanded to the Commissioner for reevaluation of the medical record and Plaintiff's maximum residual functional capacity ("RFC"). AR 993, 995, 997-98. After obtaining additional evidence from a VE, the ALJ presided over a second telephonic hearing on January 12, 2023. AR 939-54 (transcript). Plaintiff appeared with counsel and testified with the assistance of a Spanish interpreter. AR 939-40, 946. A VE also testified. AR 940, 950.

On February 24, 2023, the ALJ issued an unfavorable decision, again finding Plaintiff "not disabled" under the relevant statutes (the "Second ALJ Decision"). AR 919-32 (decision), 933-38 (exhibit list). The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. AR 907-09 (decision).

Plaintiff filed this action on September 13, 2023. ECF No. 1. The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 12. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 18 (Plaintiff's motion), 24 (Commissioner's motion), 25 (Plaintiff's reply).

---

[2] The AR is electronically filed as ECF Nos. 11-1 and 11-2 (AR 1 to AR 1178).

The Commissioner believes that remand pursuant to sentence four of 42 U.S.C. § 405(g) is appropriate. ECF No. 24 at 4.

## II. FACTUAL BACKGROUND

Plaintiff was born in 1974, and was, at 43 years old, deemed a younger individual under the regulations as of the alleged disability onset date. AR 199, 931; *see* 20 C.F.R §§ 404.1563(c), 416.963(c) (same). Plaintiff has a GED and can communicate in English. AR 201, 203, 931. She worked at different restaurants from October 2007 to September 2008, from October 2008 to July 2019, and from July 2014 to February 2017. AR 203. She also worked at one medical office from June 2016 to June 2017, and another from June 2017 to February 2018. AR 203. Plaintiff's asserted conditions include third degree burns on her neck, trunk, chest, and right arm; skin grafts, lack of mobility, and pain in the upper body; depression; and anxiety. AR 202.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Desrosiers v. Secretary of HHS*, 846 F.2d 573, 576 (9th Cir. 1988); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) ("The

///

court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

///

>    Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

>    Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

>    Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

>    Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

>    Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); *Bowen*, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); *Bowen*, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

In the Second ALJ Decision, the ALJ made the following findings:

>    1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023 (Exhibit 11D/1).
>
>    2. The claimant has not engaged in substantial gainful activity since July 11, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*) (Exhibits 10D, 11D/1, testimony.).
>
>    3. The claimant has the following severe impairments: burns to the neck, chest, trunk, and right arm; depressive disorder; and anxiety

5

> disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can reach overhead on the right occasionally, perform all other reaching on the right frequently; handle on the right frequently; climb ramps and stairs, balance, stoop, kneel, crouch, and crawl occasionally; never climb ladders or scaffolds; never work around unprotected heights; must avoid concentrated exposure to moving mechanical parts; must not work in or around environments where there is extreme heat; can understand, remember, and carry out simple, routine, and repetitive tasks; and can use judgment limited to simple work-related decisions.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on November 30, 1974 and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from July 11, 2018, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 921-32.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 932.

## VI.  ANALYSIS

The parties agree that the Second ALJ Decision involved legal error and should be vacated and remanded.  Plaintiff asserts errors as to the assessment of subjective evidence from Plaintiff and third parties, development of the record, and assessment of medical opinion evidence.  ECF No. 18 at 7-21.  Defendant does not identify which of these errors he agrees to have occurred, and simply cites to sentence four of 42 U.S.C. § 405(g).  ECF No. 24 at 4; *see* 42 U.S.C. § 405(g) (courts have the power to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner… with or without remanding the cause for a rehearing").  At issue is whether the Court should remand with instructions for the Commissioner to calculate benefits from the alleged disability onset date (ECF No. 18 at 21) or for further proceedings (ECF No. 24 at 9).

A three-part test guides determinations whether to remand specifically for an award of benefits, rather than for further proceedings.  *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016).  If the court (1) first finds that the ALJ made a "legal error," it must then (2) ask whether the record "is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citations and quotations omitted).  As part of this undertaking, the court must determine whether there are "inconsistencies between [the claimant's] testimony and the medical evidence in the record" and "whether the government has pointed to evidence in the record that the ALJ overlooked and explained how that evidence casts into serious doubt the claimant's claim to be disabled[.]"  *Dominguez*, 808 F.3d at 407 ((citations and quotations omitted)).  Essentially, the court cannot direct the Commissioner to provide benefits unless "further administrative proceedings would serve no useful purpose[.]" *Dominguez*, 808 F.3d at 407.

If these first two parts of the test are met, the court must then (3) determine whether, upon crediting as true any improperly discredited evidence, an ALJ would be required to find the plaintiff disabled upon remand.  *Id.*  If so, the district court may then remand the case for an award of benefits rather than for further proceedings.  *Id.*  Even then, however, the court may decline to do so because it need not "credit claimants' allegations regarding the extent of their

1  impairments as true merely because the ALJ made a legal error in discrediting their testimony."
2  *Id.* at 407-08 (citations and quotations omitted). If "the record as a whole creates serious doubt as
3  to whether the claimant is, in fact, disabled[,]" remand for further proceedings may be
4  appropriate. *Dominguez*, 808 F.3d at 408 (citations and quotations omitted).

Without referencing any portion of the *Dominguez* framework, Plaintiff argues that remanding for a third round of proceedings would start to "make a mockery" of her case. ECF No. 18 at 21. She cites Ninth Circuit case law disavowing any approach that would allow the Commissioner to "create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1021-1022 (9th Cir. 2014) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)).

**A. The Record is Not Fully Developed**

Defendant argues in favor of a remand for further proceedings with reference to Plaintiff's opening brief, which took the position that the record was not fully developed as of the Second ALJ Decision. ECF No. 24 at 5. Plaintiff's opening brief did in fact argue that the ALJ had a duty to further develop the administrative record.[3] ECF No. 18 at 14. Plaintiff contends in reply that Defendant's argument misrepresents the record because the basis for her disability claim "obviously focuses on her permanent burn injuries." ECF No. 25 at 2. Regardless of the "focus" of Plaintiff's disability claim, she asserts disability based on both physical and mental impairments, and briefed her summary judgment motion as to both as well. *See* ECF No. 18 at 14. Additionally, the ALJ found in the second step of the sequential evaluation process that Plaintiff had both physical impairments like "burns to the neck, chest, trunk, and right arm" and mental impairments like "depressive disorder[] and anxiety disorder[.]" AR 927; *see Barnhart*, 540 U.S. 20, 24-25. As the ALJ noted, finding the mental impairments severe was part of what

---

[3] Plaintiff's opening brief argues that the ALJ should have developed the record after Plaintiff advised the ALJ at the January 12, 2023 hearing that efforts to obtain medical records from Dr. Marisela Davidson, LMFT, regarding treatment for depression and anxiety had failed. ECF No. 18 at 14 (citing AR 943-45). Instead of subpoenaing these treatment records when asked, the ALJ issued a decision without collecting and considering the missing evidence. *Id.* (citing AR 1077).

distinguished this decision from his prior decision.  AR 17-18, 927.  The ALJ therefore should have ensured the record was complete as to both types of impairment.

The reply brief also ignores Plaintiff's alternate argument that the ALJ should have further developed the record upon rejecting every medical opinion therein as "unpersuasive[.]"  ECF No. 18 at 14 (citing AR 929-30).  Plaintiff asserted in her opening brief that by failing to do so, the ALJ improperly substituted professional opinions with "his own unqualified medical speculations" when issuing the RFC.  ECF No. 18 at 14-15.  Unlike psychiatric notes, the cited opinions focus specifically on Plaintiff's physical limitations, like whether she "could sit, stand, and walk for a maximum of 2 to 4 hours in an 8-hour workday" or how often she could "lift and carry up to 10 pounds…twist and stoop…crouch…climb ladders…[and] climb stairs[.]"  AR 929.  Defendant does not dispute that the record also requires further development in this regard.  *See generally* ECF No. 24.

The record is insufficient as to both Plaintiff's physical limitations and her mental impairments.  This alone would preclude the Court from directing the Commissioner to award disability benefits without further proceedings.

**B.  The Record is Not Free from Conflicts and Ambiguities**

**1.  Treatment and Symptom History**

Defendant argues that in its current state, the record contains conflicting evidence regarding the pain and limitations related to Plaintiff's impairments.  ECF No. 24 at 6.  As to her burn injuries, the accident at issue occurred on the alleged disability onset date of July 11, 2018.  AR 924.  Defendant notes that by October 2019, Plaintiff reported a pain score of zero and being able to walk for 45 minutes between 4-5 times a week.  ECF No. 24 at 6 (citing AR 721-22).  By January 2020, Plaintiff had a non-antalgic gait and maximum strength in almost all upper extremities, with any reduction thereof attributed to pain.  ECF No. 24 at 6-7; AR 812.  Neck flexibility continued to improve until reaching the full range of motion, and by July 2020 Plaintiff had significant grip strength despite finding some chores either difficult or impossible.  ECF No. 24 at 7; AR 752, 754, 844, 858.  Defendant argues that these findings, among others, conflict with Plaintiff's claims of disabling limitations related to her burns.  ECF No. 24 at 7.

9

Plaintiff argues that Defendant has taken these pieces of evidence out of context from a voluminous record. ECF No. 25 at 2. She asserts that the overall diagnostic picture presented by the record show that no treatment can completely resolve her permanent injuries. *Id.* at 3. Clinical notes from December 2021 and June 2022, for example, assert that Plaintiff "continues to have profound anterior neck contracture, limiting neck movement." AR 1107, 1153.

Despite Plaintiff arguing that her interpretation is a more holistic one, she takes the same approach as Defendant. Both parties cite evidence from particular points in time to promote conflicting interpretations of the record. The ALJ must decide between these two based on a complete record, after which the Court will only intervene if the ALJ's decision is irrational or based on legal error. *See Thomas*, 278 F.3d at 954.

**2. Medical Opinions**

Defendant argues that conflicting evidence from medical sources also precludes an award of benefits. *Id.* at 7-8. At both the initial and reconsideration stages, for example, State agency medical consultants found Plaintiff capable of performing some degree of medium work. *Id.* (citing AR 64-65, 90-91). Defendant contrasts this against the findings of Dr. Kathleen Romanowski, who concluded that Plaintiff could only perform less than sedentary work. ECF No. 24 at 8 (citing AR 713-17).

Plaintiff's opening brief argued that the ALJ erred in finding Dr. Romanowski's opinion unpersuasive. ECF No. 18 at 16-19. Plaintiff then noted in reply that no party had challenged the ALJ's finding that the State agency opinions were unpersuasive. ECF No. 25 at 2. Plaintiff argues that the ALJ could not, on remand, find these opinions persuasive, thereby crediting any conflict they may have with Dr. Romanowski's opinion. *Id.* (citing *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016); *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)).

The ALJ did not completely discredit the State agency opinions. He credited their collective finding, for example, that Plaintiff "would be capable of sitting, standing, and walking 6 out of 8 hours per day" as consistent with the rest of the record. AR 929. Critically, this credited portion of their opinion conflicts with Dr. Romanowski's opinion that Plaintiff could sit, stand, or walk for a total of four hours in an eight-hour workday. AR 715, 929. The ability to sit,

1  stand, and walk determines whether someone can perform sedentary work, whereas it is assumed
2  that someone capable of medium work can also perform sedentary and light work.  *See* 20 C.F.R.
3  §§ 404.1567(a), (c), 416.967(a), (c).  The part of the State Agency opinions that the ALJ found
4  persuasive directly conflicts with parts of Dr. Romanowski's opinion that the ALJ found "overly
5  restrictive[.]"  AR 929.
6      Nor can the Court resolve this conflict based on an incomplete record.  The most
7  important factors when evaluating medical opinions are supportability through objective medical
8  evidence and consistency with other medical and nonmedical sources.  20 C.F.R. §§
9  404.1520c(a), (c).  Consistency with other parts of the record will likely change because, as
10  discussed above, the record on medical opinions and Plaintiff's impairment needs to be further
11  developed.  *See supra* VI.A.  The record contains a conflict between medical opinions that the
12  Court cannot resolve at this point in time.
13      **C. Conclusion**
14      Defendant has demonstrated that the record is incomplete, and that substantial conflicts
15  and ambiguities arise from even the incomplete record.  The Court does not have discretion on
16  this record to direct the ALJ and Commissioner to award disability benefits to Plaintiff.  The
17  Court need not discuss whether serious doubt exists as to Plaintiff's overall disability.  *See* ECF
18  No. 24 at 8-9.
19      **VII.  CONCLUSION**
20  For the reasons set forth above, IT IS HEREBY ORDERED that:
21      1. Plaintiff's motion for summary judgment (ECF No. 18), is GRANTED IN PART;
22      2. The Commissioner's cross-motion for summary judgment (ECF No. 24) is GRANTED
23  IN PART;
24      3. The Commissioner's final decision in this matter is VACATED AND REMANDED for
25  further proceedings, including further development of the record in accordance with this decision;
26  and
27  ////
28  ////

4. The Clerk of the Court shall enter judgment and close this case.

DATED: April 3, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE